## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARK GOMEZ,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | The Honorable Matthew F. Kennelly |
| | ) | Case No. 1:19-cv-04347-MFK |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **PETER GUST KARIDIS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Case No. 1:19-cv-07060-VMK |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **CHRISTOPHER WALTERS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Case No. 1:19-cv-07651-JRB |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **SHELLY OWENS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Case No. 1:19-cv-07716-CPK |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **SIDNEY J. LAURENT JR.** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08129-JRB** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **AMERICA, INC., ET AL.** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JIMMIE GREEN** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08127-MEA** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **AMERICA, INC., ET AL.** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **WAYNE POTTS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08171-RWG** |
| | ) | |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **MELDON LEE** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08169-JZL** |
| | ) | |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | |
|---|---|
| GISELE PERNELL )<br>              Plaintiff,        )<br>                             )<br>v.                           )<br>                             )<br>TAKEDA PHARMACEUTICALS )<br>U.S.A. INC., ET AL.          )<br>              Defendants.    ) | Case No. 1:20-cv-00033-EEB |

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

Plaintiff and Defendants before this Court (sometimes referred to hereinafter as "Plaintiff" and/or "Defendants," or collectively, the "Parties") hereby stipulate and agree, through their respective attorneys of record, as follows:

1.      **Purpose.** This Stipulated Protective Order of Confidentiality — and any designation of a document, material, or information (whether written, graphic, or electronic) as being Confidential Discovery Material subject to this Stipulated Protective Order of Confidentiality — is intended solely to facilitate prompt discovery and preparation for trial.

2.      **Discovery Material.**

        (a)     This Stipulated Protective Order of Confidentiality (the "Order") applies to all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise (collectively "discovery material"), by any Party to this proceeding (the "Producing Party") to any other Party (the "Receiving Party").

        (b)     This Order is binding upon all Parties at the time it is entered in this matter, including their respective corporate parents, subsidiaries and affiliates and their respective

attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Order.

(c) If additional Parties are added, other than parents, subsidiaries or affiliates of current Parties to this litigation, their ability to receive Confidential Discovery Material as set forth in this Order will be subject to them being bound, by agreement or Court Order, to this Order.

3. **Confidential Discovery Material.** Confidential Discovery Material refers to documents and information protected under applicable state and federal law as a "trade secret" (as defined in the Uniform Trade Secrets Act) or privacy laws, including personal or medical information, or other confidential or proprietary research, development, manufacturing or commercial or business information. This information may be designated by the Producing Party as "Confidential." Without prejudice to the right of a Producing Party to object to the production of the following information or of a Party to seek production, examples of the information subject to such designation includes but is not limited to the Producing Party's:

(a) Customer names and compilations of information related to opinion leaders and other consultants;

(b) Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development (not to include disseminated marketing materials or materials that, on their face, were published to the general public);

(c) Unpublished clinical studies, scientific literature, and related documents;

(d) Information concerning competitors;

(e) Production information;

(f) Personnel records and information;

(g)  Financial information not publicly filed with any federal or state regulatory authorities or not contained within any publicly available quarterly or annual reports;

(h)  Private medical information that identifies a person, unless such identifying information is redacted;

(i)  Information relating to Defendants' non-febuxostat containing medicines; and

(j)  Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure.

4.  **Discovery Material Protected under Foreign Law.** In the interests of comity, any entity organized under the laws of a country other than the United States, including but not limited to Japan, France, Germany, and the United Kingdom, that produces information in this litigation may designate as confidential those documents in any form (including electronic or paper form) containing "personal data" within the meaning of the data protection laws of the countries in which they are organized. "Personal data" may include, but is not limited to, any and all data which concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor *(e.g.,* reference to an individual by his/her title or position within the company whose identity is specified in other available sources of information). In particular, this applies to the following documents:

(a)  any correspondence (electronic or on paper) which identifies or through recourse to other sources of information available to the data processor allows identification of its author(s)/sender(s) and/or its addressees/recipients *(e.g., all* email correspondence, letters and faxes, including transmission reports);

(b)     any document, such as memoranda, notes, and presentations, if it identifies or allows identification of its author/sender and/or its addressee/recipient through recourse to other information available to the data processor;

(c)     minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting;

(d)     personnel records and information; and

(e)     any document containing private medical information.

5.     **Use of Confidential Discovery Material**.

(a)     Any discovery material that is designated as "Confidential" in accordance with Paragraph 3 above, along with any copies, abstracts, summaries, excerpts, compilations thereof, or information derived from such discovery material, and any notes or other records regarding the contents of such discovery material (collectively "Confidential Discovery Material"), shall not be used for any business or competitive purpose, except by the Producing Party, or for any other purposes whatsoever, other than for this litigation and for any other action brought by or on behalf of a former febuxostat user alleging acute kidney injury, kidney failure, heart failure, myocardial infarction, or other personal injuries agreed to with the Producing Party ("Other Uloric Lawsuits"), so long as all Parties are bound by and subject **to** another judicially approved order that is identical to or the substantial equivalent to this Order. Confidential Discovery Material will not be disclosed except in accordance with Paragraphs 5(b), 8, 11, and 12 of this Order.

(b)     Prior to being given access to Confidential Discovery Material, any person falling within subparagraphs 8(a)(vi) or 8(a)(viii) herein shall be provided with a copy of this Order and shall execute a copy of the Confidentiality Agreement, attached as Exhibit A. Counsel providing such access to Confidential Discovery Material shall retain copies of the Confidentiality

Agreement(s) and shall provide them to counsel producing Confidential Discovery Material as provided below. For testifying experts, a copy of the Confidentiality Agreement executed by the testifying expert shall be furnished to counsel for the Party who produced the Confidential Discovery Material to which the expert has access, either at the time the confidential material is given to the testifying expert, or at the time the expert's designation is served, whichever is later.

6. **Designation of Confidential Discovery Material**.

(a)     Confidential Discovery Material, if in writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

## CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Such stamping or marking will take place prior to production by the Producing Party, or subsequent to selection by the Receiving Party for copying, but prior to the actual copying, if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter.

(b)     To the extent that Confidential Discovery Material that is stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matters as confidential by a designation of **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"** on the media. Whenever any Receiving Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the corresponding **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"** designation.

(c)     In the case of deposition testimony relating to documents designated as confidential, the portion of the transcript in which confidential writings are offered, identified or discussed shall also be designated as confidential. Any additional confidentiality designations shall

be made on the record at the deposition or within thirty (30) calendar days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). This deadline may be extended by agreement of the Parties. Until the expiration of the period for making confidential designations, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order.

(d)     In the event that the Producing Party inadvertently fails to designate discovery material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all Parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Receiving Party shall treat the designated discovery material as confidential, subject to that Party's right to dispute such designation in accordance with Paragraph 9.

7.     **Consent to Jurisdiction.** All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

8.     **Disclosure of Confidential Discovery Material.**

(a)     Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

(i)     The Court (and any appellate court), including court personnel, jurors, and alternate jurors only in the manner provided in Paragraph 11 below.

(ii)     If produced by Plaintiff, Defendants' in-house counsel, paralegals and clerical support staff, and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection within this litigation, and the

paralegal, clerical, secretarial and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by Defendants' outside counsel. To the extent a Defendant does not have in-house counsel, it may designate two individuals employed by each Defendant (in addition to outside counsel) to receive Confidential Discovery Material produced by Plaintiff.

(iii)    If produced by any Defendant, a Plaintiff in this litigation, Plaintiff's attorneys in this litigation, including the paralegal, clerical, secretarial and other staff employed or retained by such counsel. Additionally, Confidential Discovery Material produced by any Defendant in this proceeding may be disclosed to the named plaintiff(s) in Other Uloric Lawsuits and their counsel of record, including paralegal, clerical, secretarial and other staff employed or retained by such other plaintiffs' counsel of record if: (a) the lawsuit is brought by or on behalf of a former febuxostat user alleging acute kidney injury, kidney failure, heart failure, myocardial infarction, or other personal injuries agreed to with the Producing Party; (b) the Producing Party is a defendant in the lawsuit; (c) counsel for Plaintiff in this matter provide notice to the Producing Party of their intent to use the documents in discovery in the other lawsuit; and (d) an order identical to or the substantial equivalent to this Order has been entered in such lawsuit or all counsel for plaintiff in the lawsuit who receive the documents agree to be governed by the terms of this Order and shall sign a Confidentiality Agreement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide by its terms. Responses to case specific document requests may only be used in the matter in which they are served, unless the Parties, after meet-and-confer, agree that those responses can be used in other matters.

(iv)    If produced by any Defendant, clients of Plaintiff's attorneys in this litigation, including those with unfiled claims, if those clients agree to be governed by the terms

of this Order and sign a Confidentiality Agreement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide by its terms.

(v)     If produced by any Defendant, outside counsel for any other Defendant, including any attorneys employed by or retained by any other Defendant's outside counsel who are assisting in connection with this litigation, and the paralegal, clerical, secretarial and other staff employed or retained by such outside counsel.

(vi)     Any Defendant's insurer or counsel for its insurer provided that prior to receiving Confidential Discovery Material a person with sufficient authority to bind each insurer and its counsel executes the Confidentiality Agreement and provides a copy to the Producing Party on behalf of the insurer or law firm.  Any materials provided to an insurer or its counsel shall not be used for any purpose other than evaluation of the claims asserted in this litigation and shall not be used outside the claims asserted in this litigation.

(vii)     Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts.

(viii)     Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "Experts"), but only to the extent necessary to perform their work in connection with this litigation or Other Uloric Lawsuits in which an order that is identical to or the substantial equivalent of this Order has been entered.

(ix)     The persons who authored the Confidential Discovery Material or who received such Confidential Discovery Material in the ordinary course of business.

(b)     In addition to the requirements of 8(a)(i)-(ix), no disclosure of Confidential Discovery Material shall be made to any Competitor of Defendants.  In the event any disclosure of Confidential Discovery Material to a Competitor of Defendants is anticipated, the disclosing party shall provide written notice no fewer than fifteen (15) days prior to any disclosure identifying the Competitor to whom Confidential Discovery Material will be disclosed and specifying the Bates number of the Confidential Discovery Material to be disclosed pursuant to this paragraph. A Competitor of Defendants shall mean any manufacturer, developer, or seller of drugs other than Takeda, or any person who, upon reasonable and good faith inquiry, could be determined to be an employee, contractor, or agent of any manufacturer or seller of drugs other than Takeda.

(c)     All Parties and their respective counsel, paralegals and the employees and assistants of all counsel receiving discovery material shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order.

(d)     Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation.

(e)     Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

9.     **Disputes Concerning Designation of Confidential Discovery Material**.

(a)     If a Receiving Party has a reasonable basis to dispute a designation of discovery material as confidential hereunder, such Party shall notify the designating Party of such

dispute in writing, specifying by Bates numbers the discovery material in dispute and providing a brief explanation of the basis of the dispute with regard to each such document or other discovery material. If no change in designation or mutually agreeable redacted copy is offered by the Producing Party, the Producing Party must provide within fourteen (14) calendar days a written explanation of the basis for the designation(s) at issue. If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party or if no written explanation is provided, the Receiving Party shall, in writing, notify the Producing Party that a resolution cannot be reached regarding the confidentiality designation of a document, and the Receiving Party shall thereafter file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge to the confidentiality designation. The time allotted under this paragraph for a Producing Party to respond in writing to a challenge of confidentiality shall not be shortened except upon a showing that the Receiving Party could not have challenged the confidentiality designations at issue at an earlier date.

        (b)     All discovery material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 9(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

        (i)     the Producing Party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

        (ii)     fourteen (14) calendar days after the expiration of the appeal period of an Order of this Court that the matter shall not be entitled to confidential status (or such longer time as ordered by this Court) if the Order on appeal is not subject to a stay.

        10.    **Designation by Non-Parties**. Any non-Party who is producing discovery materials in this litigation may subscribe to and obtain the benefits of the terms and protections of

this Order by designating pursuant to the terms of this Order as "Confidential" the discovery materials that the non-Party is producing.

11. **Filing with the Court**. If, in connection with any motion or other proceeding except trial, any Receiving Party intends to offer into evidence any documents designated confidential pursuant to this Order, such evidence shall be filed under seal and in accordance with the applicable local court rules, and unless otherwise ordered by the Court, shall be sealed with any proceedings involving disclosure of the evidence. The Parties shall be entitled to identify and use documents for trial purposes regardless of a confidentiality designation, provided that for any documents identified on Exhibit Lists for use at trial, the Parties shall be entitled to seek appropriate protection, by motions *in limine* or otherwise, for any document so identified.

12. **Use of Confidential Discovery Material at Hearings or Trial**. This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of Confidential Discovery Material is anticipated, the Parties shall meet and confer regarding the use of the Confidential Discovery Material. If the Parties cannot agree, the Parties shall request the Court to rule on such procedures.

13. **Responses to Subpoenas or Other Process**. If a Receiving Party or its counsel or expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any Confidential Discovery Material produced by another Party, the Party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until fourteen (14) calendar days after notifying counsel for the producing Party in writing of all of the following: (1) the information and documentation which is requested for

production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the Party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The Party, counsel or expert receiving the subpoena or other process shall cooperate, to the extent reasonably possible, with the Producing Party in any proceeding relating thereto.

14. **Privileged Documents**.

(a) Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege provided that the Producing Party shall notify the Receiving Party in writing within a reasonable period of time from the discovery of the inadvertent production and identify the basis of privilege for each inadvertently produced document, e.g. "attorney-client privilege," "work-product immunity," etc. pursuant to Paragraph 16. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the Receiving Party elects to file a motion as set forth below, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion below. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the

immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The Party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity

(b)     The production of any Discovery Material, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either this litigation or any other federal or state proceeding.

(c)     Failure to assert work product protection, attorney-client privilege, and/or other legal privilege protecting information from discovery in this lawsuit or Other Uloric Lawsuits as to one document shall not be deemed to constitute a waiver, in whole or in part, of any work product immunity and/or privilege protection as to any other document, even if the documents involve the same or similar subject matter, in any other federal or state proceeding.

15.     **Return or Destruction of Confidential Discovery Material**. Within thirty (30) calendar days of the conclusion of any attorney's last case in this proceeding, including any appeals related thereto, and at the written request of the Producing Party any Receiving Party and any persons to whom he or she disclosed Confidential Discovery Material under this Order shall return and surrender any such material or copies thereof to the Producing Party at the Producing Party's expense. Such persons shall return or surrender any discovery materials produced by the Producing Party and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, signed Confidentiality Agreements, materials required to be

15

retained by applicable law, and all court-filed documents even though they contain discovery materials produced by the Producing Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Producing Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Producing Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Producing Party in accordance with the terms of this Order. In lieu of returning the materials, the Producing Party may direct that the materials be destroyed in a manner that will protect the Confidential Discovery Material and the destroying Party shall certify that it has done so.

16. **Redaction of Confidential, Irrelevant, and Privileged Information**.

(a)     To protect against inappropriate disclosure of information subject to the attorney-client or other privilege and Confidential Discovery Material as defined in this Order, and to comply with all applicable state and federal laws and regulations, the Defendants or Plaintiff may redact from produced documents, materials or other things, or portions thereof, the following items, or any other item(s) agreed upon by the Parties or ordered by the Court:

(i)     The names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying information of patients (including plaintiffs), health care providers, and individuals enrolled as subjects in clinical

studies or adverse event reports. Other general identifying information, however, such as patient or health care provider numbers, shall not be redacted unless required by state or federal law;

(ii)     Materials that contain information protected from disclosure by the attorney-client privilege, the work product doctrine or any other recognized privilege;

(iii)     Those portions of documents that contain proprietary information that would reveal formula or specific manufacturing specifications for Defendants' non-febuxostat drugs;

(iv)     Those portions of documents that contain irrelevant confidential information related to product cost or pricing strategy related to Defendants' non-febuxostat drugs, sales and marketing outside the United States, or other drugs manufactured by defendants;

(v)     Those portions of documents that contain irrelevant licensed IMS data related to Defendants' non-febuxostat drugs or other irrelevant confidential information provided by third parties;

(vi)     The street addresses, Social Security numbers, tax identification numbers, credit card numbers, dates of birth, marital status, home telephone numbers, personal email addresses, cellular telephone numbers, and other personal information of employees in any records;

(vii)     Employee usernames, employee passwords, and the names of employees' spouses and children; and

(viii)     The names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying information of any clinical investigator in any records.

(b)    Defendants shall use their best efforts to redact only those portions of a document that are within the scope of the permitted subject-matter set forth in Paragraph 16(a), above, and not the entire document or page unless the entire document or page is within such scope.

    (i)    Such redactions, excluding those for privilege, shall be:

    a.    Limited in scope to redactions of discrete and separate sections of documents whereby only information related to such other Takeda drugs is contained in those sections and where the nature of the information discussed in those discrete sections is not related in context in any manner to the remaining responsive sections of the documents, i.e. involving analysis, comparison, or otherwise necessary for the full understanding of the responsive sections of the document;

    b.    Limited for the purposes of readability and contextual understanding so that such redactions will not be made within paragraphs or sentences containing non-redactable (or otherwise responsive) information, and such that the readability and understanding of the context of the non-redacted material is not impaired and does not include tables of contents, cover pages, titles, section, headers, or PowerPoint slide titles.

(c)     Defendants shall indicate on each redaction a brief, but specific, identifier stating the basis for the redaction, *e.g.* "other product," protected personal information," "employee privacy," "attorney-client privilege." For redacted documents included in a production, a "Yes" will appear in the "Redacted" field included with the objective coding in the load file for the document production. In lieu of a redaction log, the Producing Party will include a "Redaction Type" field in the production .dat file (e.g., attorney-client, work product, personal information). Where a redaction is subsequently lifted by order of the Court or by agreement of the Parties *(e.g.,* subject to a privilege challenge), Defendants shall produce replacement media for that document, including the unredacted TIFF, text or OCR files, and objective coding, with appropriate load files.

(d)     Responsive documents withheld from production based on a claim of privilege of any kind shall be reflected on a privilege log created in accordance with the Order Regarding the Protocol for Production of Electronically Stored Information and Hardcopy Documents.

(e)     The Receiving Party may mount a challenge to a redaction or claim of privilege within a reasonable time after the redacted document or privilege log is produced. The Receiving Party may challenge a redaction or claim of privilege by notifying the Producing Party in writing of a reasonable basis for their belief that the redaction or claim of privilege is not proper, including a brief explanation of the basis of the dispute with regard to each redaction or claim of privilege at issue, and must give the Producing Party an opportunity to review the challenged redaction or claim of privilege, to reconsider the circumstances, and, if no change in redaction is offered, to explain, in writing within fourteen (14) calendar days of receiving such a challenge, the basis of the redaction or claim of privilege. If the Receiving Party elects to press a challenge to a redaction or claim of privilege after considering the justification offered by the Producing Party or

if no written explanation is provided, the Receiving Party shall, in writing, notify the Producing Party that a resolution cannot be reached regarding the redaction of a document or claim of privilege, and the Receiving Party shall thereafter file and serve a motion that identifies the challenged redaction and claim of privilege and sets forth in detail the basis for the redaction or claim of privilege. The time allotted under this paragraph for a Producing Party to respond in writing to a challenge of a redaction **or** claim of privilege shall not be shortened except upon a showing that the Receiving Party could not have challenged the redaction or privilege designation at issue at an earlier date.

(f)     Any failure to redact information described above does not waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the specific document or any other document that is or will be produced.

17.     **Security of Confidential Discovery Material.**   Any person in possession of another Party's Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use of the Confidential Discovery Material as they would apply to their own material of the same or comparable sensitivity.  Receiving Parties must take reasonable precautions to protect Confidential Discovery Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to the following:

(a)     If a Receiving Party utilizes a litigation support site, Confidential Discovery Material in electronic format shall be maintained in a secure site that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Confidential Discovery Material under this Order;

(b)     If a Receiving Party utilizes a litigation support site, an audit trail of use and access to the site shall be maintained until thirty (30) days after the Receiving Party's return or destruction of the Confidential Discovery Material pursuant to Paragraph 15;

(c)     Any downloaded Confidential Discovery Material shall be stored only on devices (e.g., server, laptop, tablet, smartphone, thumb drive, portable hard drive) that are encrypted and password protected with access limited to persons entitled to access Confidential Discovery Material under this Order;

(d)     Covered information in paper form is to be maintained in a secure location with access limited to persons authorized to access Confidential Discovery Material under this Order; and

(e)     Summaries of Confidential Discovery Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Confidential Discovery Material that quote from or paraphrase Confidential Discovery Material in a manner that enables it to be identified shall be accorded the same security status as the underlying Confidential Discovery Material.

18.     **Reservation of Rights**.

(a)     Except as provided for herein, nothing in this Order shall prevent or restrict counsel for any Party in any way from inspecting, reviewing, using or disclosing any discovery material produced or provided by that Party, including discovery materials designated as confidential.

(b)     Nothing shall prevent disclosure beyond that required under this Order if the producing Party consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure and that Order is not subject to an appellate stay within

21

twenty-one (21) calendar days after it is issued.

(c)     No disclosure pursuant to this paragraph shall waive any rights or privileges of any Party granted by this Order.

19.     **No Effect on Other Obligations**. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Confidential Discovery Material is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Discovery Material on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any discovery material as confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.

20.     **No Prejudice to Other Protections.** The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-Party to assert or apply for additional or different protection.

21.     **Obligation When Dealing With Experts, Employees, Agents.** All Parties and counsel for such Parties in this litigation shall make a good faith effort to ensure that their experts, employees, and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

22.     **Modifications/Continuing Effect.** By written agreement of the Parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in full force and effect until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED this 9th day of January 2020.

_____
Honorable Matthew F. Kennelly

By: /s/ Andrea Glinka Przybysz
James Hemmings
Sherry Knutson
Andrea Glinka Przybysz
TUCKER ELLIS LLP
233 S Wacker Dr., Suite 6950
Chicago, IL 60606
Phone: 312-624-6300

**ATTORNEYS FOR DEFENDANTS**

JOHNSON BECKER, PLLC

/s/ Stacy Hauer
Stacy K. Hauer (MN#317093)
Timothy J. Becker (MN#256663)
444 Cedar Street, Suite 1800
St. Paul, MN 555101
Tel: (612) 436-1800
shauer@johnsonbecker.com
tbecker@johnsonbecker.com

MEYERS AND FLOWERS, LLC

/s/ Pete Flowers
Peter J. Flowers (IL #06210847)
3 North Second Street, Suite 300
St. Charles, IL 60174
Tel: (630)232-6333
pfj@meyers-flowers.com

**ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARK GOMEZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **The Honorable Matthew F. Kennelly** |
| | ) | **Case No. 1:19-cv-04347-MFK** |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **PETER GUST KARIDIS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-07060-VMK** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **CHRISTOPHER WALTERS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-07651-JRB** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **SHELLY OWENS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-07716-CPK** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **U.S.A. INC., ET AL.** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **SIDNEY J. LAURENT JR.** | ) | |
|          **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08129-JRB** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **AMERICA, INC., ET AL.** | ) | |
|          **Defendants.** | ) | |

---

| | | |
|---|---|---|
| **JIMMIE GREEN** | ) | |
|          **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08127-MEA** |
| | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **AMERICA, INC., ET AL.** | ) | |
|          **Defendants.** | ) | |

---

| | | |
|---|---|---|
| **WAYNE POTTS** | ) | |
|          **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08171-RWG** |
| | ) | |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
|          **Defendants.** | ) | |

---

| | | |
|---|---|---|
| **MELDON LEE** | ) | |
|          **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-08169-JZL** |
| | ) | |
| **TAKEDA PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED ET AL.** | ) | |
| | ) | |
|          **Defendants.** | ) | |

---

GISELE PERNELL )
      **Plaintiff,** )
          )
**v.** )   **Case No. 1:20-cv-00033-EEB**
          )
**TAKEDA PHARMACEUTICALS** )
**U.S.A. INC., ET AL.** )
      **Defendants.** )

---

## CONFIDENTIALITY AGREEMENT

  I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Stipulated Protective Order of Confidentiality regarding Confidential Discovery Material produced in discovery, entered _____, _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Confidentiality Agreement, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

  I further agree that I shall not disclose to others, except in accordance with the Protective Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

  I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and further information will continue even after this litigation concludes.

  I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I

agree to be subject to the jurisdiction of the Northern District of Illinois, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of Court.


Signature: _____

Printed Name: _____

Date: _____